FILED
CLERK
1:18 pm, Jun 26, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN CAMPBELL and ELIZABETH CAMPBELL,

                         Plaintiffs,

      -against-

MERCURY CASUALTY COMPANY, a member of Mercury Insurance Group., MERCURY INSURANCE GROUP a/k/a MERCURY INS. GROUP,

                         Defendants.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-0618 (SJF) (ARL)

FEUERSTEIN, District Judge:[1]

       On February 8, 2017, plaintiffs John Campbell and Elizabeth Campbell (collectively "Plaintiffs" or the "Campbells") commenced this diversity breach of contract action against their homeowner's insurance carrier, defendants Mercury Casualty Company and Mercury Insurance Group (collectively "Mercury"). On November 6, 2017, Mercury moved to amend its answer to assert a counterclaim against Plaintiffs, and to file a third-party action against Long Island Public Adjusters, LLC ("LIPA"), Kevin Godfrey ("Godfrey"), and Just Right Carpentry & Painting, Inc. ("Just Right") (collectively, the "third-party defendants"). *See* Motion, Docket Entry ("DE") [6].[2] The motion was referred by District Judge Wexler to Magistrate Judge Arlene R. Lindsay for a report and recommendation. For the reasons stated herein, Magistrate Judge Lindsay's Report and Recommendation ("Report"), DE [50], is accepted.

**I. BACKGROUND**

       The claims in this action arise from Mercury's denial of insurance coverage for water

---

[1] This case was re-assigned from District Judge Leonard D. Wexler on April 5, 2018.

[2] The motion was terminated for failure to comply with Judge Wexler's individual rules regarding the filing of completed motions, but was reopened effective January 8, 2018.

damage suffered at the Campbells' home due to a burst pipe on February 20, 2016. Plaintiffs claim that they immediately filed a claim with Mercury, and that Mercury immediately retained non-party Advanced Restoration Corporation ("Advanced Restoration") to perform initial remediation at the house. Mercury claims that before providing notice to it, Plaintiffs contacted Godfrey, who is the owner of LIPA, to assist them in the handling of their insurance claim. Godfrey contacted Just Right and instructed that company to begin remediation at the house. *See* Proposed Third Party Complaint and Counterclaim ("Prop. 3rd Party Compl."), ¶9, DE [32-5]. Representatives of Just Right and Advanced Restoration were at the house the same day, although the parties dispute whether they were there at the same time.

Mercury claims that after the initial remediation and the day before it was to inspect the damage, Just Right gutted the kitchen, including the cabinets. Prop. 3rd Party Compl. ¶23. Godfrey, on behalf of Just Right, subsequently submitted an estimate in an amount over $73,000 for a new kitchen. *Id.* ¶28. From March 2016 through August 2016, Mercury paid Plaintiffs over $39,000 to cover rent for temporary housing. *Id.* ¶38.

Upon receiving invoices from both Just Right and Advance Restoration for similar remediation work performed by each on the same date, Mercury began to investigate both the work performed and the claim. Prop. 3rd Party Compl. ¶18. Mercury ultimately determined that Just Right had submitted invoices for work it did not perform. *Id.* ¶19. After investigation, Mercury also "determined that the kitchen was not damaged in the manner described by plaintiffs and certainly did not warrant a new kitchen." *Id.* ¶31. In August 2016, Mercury denied coverage for failing to preserve the damage for Mercury's review.

In their complaint, Plaintiffs seek contractual damages of $150,000 and punitive damages for Mercury's "bad faith conduct directed at the public generally and at the plaintiffs specifically to

deny coverage where no legitimate basis exists for such denial." Complaint, ¶39, DE [1]. Mercury now moves for leave to add a counterclaim against Plaintiffs for breach of contract to recover the rental payments, claiming that it would not have made those payments but for the material misrepresentations made by Plaintiffs. In addition, Mercury requests permission to file a third-party complaint against the third-party defendants alleging claims of breach of contract against LIPA and Godfrey, and fraudulent misrepresentation against Just Right. Prop. 3rd Party Compl. ¶¶ 38, 43.

In the Report, Magistrate Judge Lindsay recommended that Mercury's motion be (1) granted to the extent it seeks to add a counterclaim against plaintiffs; (2) granted to the extent it seeks to file a third party action against third-party defendants for fraudulent misrepresentation; and (3) denied to the extent that it seeks to assert a claim for breach of contract against third-party defendants. Report and Recommendation ("Report"), DE [50]. Magistrate Judge Lindsay further *sua sponte* recommended that the Clerk of the Court be directed to amend the caption to reflect the proper names of the defendants.

## II. DISCUSSION

### A. Legal Standards

Pursuant to 28 U.S.C. § 636, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED.R.CIV.P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). Upon reviewing the report, a district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED.R.CIV.P. 72(b). "[I]n providing for a 'de novo determination' . . . Congress intended to

permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz,* 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980).

Permission to assert the counterclaim is governed by Rule 15, which provides that leave to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15 (a)(2). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200-01 (2d Cir. 2007). The party opposing the motion has the burden of establishing that amendment should be denied. *See Blaskiewicz v. Cnty. of Suffolk,* 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998).

Rule 14(a) provides that a defendant may serve a third-party complaint "on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a). The defendant must obtain leave of court to commence a third-party action more than fourteen days after serving its answer. FED. R. CIV. P. 14(a)(1). Motions to implead non-parties "should be freely granted to promote efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *New York v. Pride Solvents & Chem. Co.,* 15-CV-6569, 2017 WL 6403515, at *2 (E.D.N.Y. Dec. 15, 2017) (quoting *Shafarman v. Ryder Truck Rental, Inc.,* 100 F.R.D. 454, 459 (S.D.N.Y. 1984)).

## B. Objections

The Court is in receipt of objections from Plaintiffs, *see* Plaintiffs' Objections ("Pls' Obj."), DE [56], and from the proposed third-party defendants. *See* Objections, DE [55]. Mercury has submitted neither its own objections nor responses to the filed objections. The objections filed do not oppose the recommendation that Mercury's name in the caption be

corrected to reflect the proper corporate names. This recommendation is accepted.

As to the remaining recommendations, the proposed third-party defendants do not object to the substance of the Report as it relates to them, but do contest some of the facts as relied upon by the Court. Plaintiffs also object to the timeline of events as set forth in the Report. Neither suggests that these alleged errors are relevant to the conclusions of the Report. Upon review, the Court finds that any of the alleged errors in the factual recitation of the Report do not affect the recommendations therein and do not provide a basis for challenging the Report. Plaintiffs further object to the Report on the grounds that there was undue delay in seeking amendment, and that the proposed amendment is futile, prejudicial, and made in bad faith.

1. Counterclaim

Mercury seeks leave to assert a counterclaim against Plaintiffs for breach of contract. It claims that Plaintiffs or their agents made material misrepresentations in violation of a condition in the policy that led to Mercury making payments of rental and living expenses to Plaintiffs. Mercury's proposed counterclaim seeks recovery of those payments. Plaintiffs argue that amendment should be denied because the counterclaim is futile, made in bad faith and with undue delay, and prejudicial.

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002). Plaintiffs argue that the proposed counterclaim is futile because Mercury's decision to continue paying rental expenses while it investigated Plaintiffs' claim amounted to an election of remedies by Mercury and a waiver of their right to disclaim coverage for those expenses. This argument is based on the contention that Mercury's continued payments were incompatible with its ultimate decision to disclaim coverage. As noted by

Magistrate Judge Lindsay, the arguments advanced by Plaintiffs are largely factual and do not provide a legal basis for denying amendment. As the counterclaim as pled presents a plausible claim for relief, Plaintiffs' objection on this basis is rejected.

Plaintiffs also argue that the motion is "untimely," despite their acknowledgement that the motion met the "technical filing deadlines" established by Magistrate Judge Lindsay. They claim that they would be prejudiced because they have already conducted some depositions and were deprived of the chance to ask certain questions. Deadlines for Rule 15 motions are purposefully set toward the end of the discovery period to allow the parties to learn facts relevant to their claims and defenses prior to amending their pleadings. Indeed, Mercury filed its motion a week after conducting the deposition of Just Right's co-owner and confirming certain facts. The remaining discovery period after the Rule 15 motion deadline exists in part to allow the parties to address any additional matters raised by the amendment of the pleadings. Discovery has not closed, and the Court is confident that the parties will have the opportunity to conduct additional discovery as deemed necessary by Magistrate Judge Lindsay. The procedural posture of this case is well within the normal range of conduct of litigation, and the Court finds that Plaintiffs' contentions regarding delay and prejudice are unavailing.

Finally, Plaintiffs argue that the proposed amendment is made in bad faith and the motion "was designed to harass and/or intimidate the plaintiffs into dropping their claim." Pls' Obj. at p. 11. The Court finds that Plaintiffs allegations are conclusory and lack evidentiary support, and concludes that their objections on this basis are also overruled. Accordingly, the Court accepts the recommendation allowing Mercury to add a counterclaim.

    2. Third Party Complaint

Magistrate Judge Lindsay recommended that the motion for permission to file a third-party

complaint be denied as to the breach of contract claim and granted as to the material misrepresentation claim.  Although Plaintiffs state in the introduction to their objections that the third-party action is without merit and untimely, they fail to make any specific objections to the substance of the proposed claims.  In the absence of any substantive objection to the recommendations, and upon a de novo review of the Report, the Court accepts the Report's conclusions regarding the proposed third-party claims.

That part of the Report concerning the insufficiency of the proposed breach of contract claim is accepted in its entirety, and the motion to commence a third-party action against Godfrey and LIPA on this claim is denied.  The recommendation permitting filing of a third-party action asserting a fraudulent misrepresentation claim against Just Right is also accepted.  As it is clear from the proposed third-party complaint that the fraudulent misrepresentation claim is asserted against only Just Right, however, the Report is modified to the extent it may suggest that Mercury can proceed against Godfrey and LIPA as third-party defendants on this claim.

## III.  CONCLUSION

Upon de novo review and for the foregoing reasons, the objections are overruled and Magistrate Judge Lindsay's Report is accepted as modified.  Mercury's motion to amend its answer is GRANTED, and its motion to file a third-party complaint is GRANTED in part and DENIED in part.  The amended answer and third-party complaint shall be served and filed by **July 2, 2018.**

The Clerk of the Court is directed to amend the caption to change the name of defendants as agreed by the parties.  Defendant "Mercury Casualty Company, a member of Mercury Insurance Group" shall be amended to "Mercury Casualty Company, a subsidiary of Mercury Insurance Group.  Defendant "Mercury Insurance Group a/k/a Mercury Ins. Group" shall be

amended to "Mercury General Corporation."

This matter is referred to Magistrate Judge Lindsay for the completion of discovery **by August 27, 2018**. A pretrial conference has been scheduled for **September 27, 2018 at 11:15 a.m.** in courtroom 1010 of the Central Islip courthouse.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: June 26, 2018
      Central Islip, New York